UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


CALVIN HARPER,

        Petitioner,

v.                                     Case Number: 08-14525
                                     Honorable Paul D. Borman

MARY BERGHUIS,

        Respondent.

_____/


## ORDER DENYING PETITIONER'S
## (1) MOTION FOR APPOINTMENT OF COUNSEL
## AND
## (2) REQUEST FOR AN EVIDENTIARY HEARING

Petitioner Calvin Harper has filed a *pro se* petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights.  Before

the Court now are Petitioner's "Motion for Appointment of Counsel," and "Request for

Evidentiary Hearing."  (Dkt. Nos. 3 and 4.)  Respondent has not filed a reply to Petitioner's

motion and request.  The Court has reviewed Petitioner's motion and request and denies them

for the reasons stated below.

Petitioner filed a petition for writ of habeas corpus on October 24, 2008.  Petitioner

pleaded no contest to (1) first-degree criminal sexual conduct, Mich. Comp. Laws

§750.520(b)(1)(c), and, (2) false impersonation of a police officer, Mich. Comp. Laws

§ 750.215. in Wayne County Circuit Court.  Following his pleas convictions, the Honorable

Cynthia Gray Hathaway sentenced Petitioner to thirty-two-months-to-twenty-years

imprisonment.  Petitioner raises two claims in his habeas petition, including an ineffective

assistance of trial counsel claim.  In his motion and request, Petitioner asks the Court to appoint

him an attorney and to conduct an evidentiary hearing on the merits of his petition.

## I. Motion for Appointment of Counsel

Regarding Petitioner's request for appointment of counsel, there exists no constitutional right to the appointment of counsel in civil cases, and the Court has broad discretion in determining whether counsel should be appointed. *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("[A]ppointment of counsel in a civil case is . . . a matter within the discretion of the court. It is a privilege and not a right.") (internal quotation omitted). A habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). In the instant case, the Court determines, after careful consideration, that the interests of justice do not require appointment of counsel at this time.

## II. Request for Evidentiary Hearing

Regarding Petitioner's request for an evidentiary hearing, Rule 8, of the Rules Governing Section 2254 Cases in the United States District Courts, states in pertinent part:

> **(a) Determining Whether to Hold a Hearing.** If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted.

Rules Governing Section 2254 Cases in the United States District Courts, Rule 8 (a).

Respondent has neither filed its response to Petitioner's petition for writ of habeas corpus nor the necessary Rule 5 materials. Therefore, Petitioner's request for an evidentiary hearing is premature.

The Court therefore denies Petitioner's "Request for an Evidentiary Hearing." (Dkt. No.

4.)  The Court will reconsider Petitioner's request if, following a review of the pleadings and the necessary Rule 5 materials, the Court determines that an evidentiary hearing is necessary. Petitioner need not file additional motions on this issue.

Accordingly,

**IT IS ORDERED** that Petitioner's "Motion for Appointment of Counsel" (Dkt. No. 3) is **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's motion if it determines at a later date that appointment of counsel would be necessary.

**IT IS FURTHER ORDERED** that Petitioner's "Request for Evidentiary Hearing" (Dkt. No. 4), is also **DENIED WITHOUT PREJUDICE**.  The Court will reconsider Petitioner's motion if it determines at a later date that an evidentiary hearing would be necessary.


s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  November 14, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on November 14, 2008.


s/Denise Goodine
Case Manager