UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CALVIN HARPER,

        Petitioner,                    CASE NO. 08-CV-14525

v.                                        JUDGE PAUL D. BORMAN
                                             UNITED STATES DISTRICT JUDGE
MARY BERGHUIS,

        Respondent.
_____/

**OPINION AND ORDER
(1) GRANTING RESPONDENT'S MOTION FOR SUMMARY JUDGMENT THEREBY
DISMISSING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND (2)
DECLINING TO ISSUE PETITIONER A CERTIFICATE OF APPEALABILITY AND
AN APPLICATION FOR LEAVE TO PROCEED ON APPEAL *IN FORMA PAUPERIS***

      Petitioner Calvin Harper, a state inmate currently incarcerated at the Earnest C. Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, alleging that he is incarcerated in violation of his constitutional rights. On March 13, 2003, Petitioner pleaded no contest to one count of first-degree criminal sexual conduct, MICH. COMP. LAWS § 750.520(B)(1)(C), and one count of false impersonation of a public officer, MICH. COMP. LAWS § 750.215, in Wayne County, Michigan, circuit court. Following his guilty-plea convictions, on April 11, 2003, the trial judge sentenced Petitioner to two-years-eight-months- to twenty-years imprisonment for the criminal sexual conduct conviction and forty-one days served on the false impersonation conviction.

      Respondent did not file an answer to the petition. Rather, on May 1, 2009, she filed a motion for summary judgment, arguing that Petitioner's petition was not timely filed under 28 U.S.C. § 2244(d)(1). (Dkt. # 12.) Pursuant to this Court's order requiring a responsive pleading, Petitioner had forty-five days from Respondent's filing, or until June 17, 2009, in which to file a reply to

Respondent's motion. (Dkt. # 6.)  Additionally, the Court has, *sua sponte*, extended Petitioner's time for a reply by approximately two weeks.  To date, Petitioner has not filed a reply to Respondent's motion.

For the reasons stated below, the Court grants Respondent's motion for summary judgment, thereby dismissing Petitioner's petition.  The Court also declines to issue Petitioner a certificate of appealability and an application for leave to proceed on appeal *in forma pauperis*.

**I.     BACKGROUND**

At the plea hearing, counsel stipulated to the following facts.  On September 24, 2002, at 2:30 a.m., in Detroit, Michigan, C. M.,[1] the Complainant in the case, was driving her vehicle on Michigan Avenue, in Detroit, Michigan, when Petitioner drove his truck up along side her vehicle and identified himself as a police officer.  He subsequently illuminated her vehicle with a flashlight and asked her to pull over.  Once the Complainant pulled over, Petitioner told her to get out of her car and go inside his truck.  He then drove her to an undisclosed location.

Petitioner told the Complainant that he had to search her for drugs.  He told her to pull down her pants, which she did.  Petitioner then forced his penis inside her vagina.

Afterward, Petitioner told the Complainant to get back into his truck.  He then drove her back to her car.  In an attempt to prevent the Complainant from reporting the incident, Petitioner told her that he was an officer of the law and that he could plant drugs on her and charge her with drug possession and no one would believe her otherwise.  Petitioner told the Complainant that he was an officer in the 10th precinct's narcotics division.

Following, the Complainant drove off in her car and called the 10th precinct.  Subsequently,

---

[1] The Complainant's initials are used in order to protect her identity.

an officer from the precinct met with her at her home and took her statement.

On October 13, 2002, Petitioner was arrested in his vehicle in the same area. At the time of his arrest, the police found the following items in his car: a gun with a permit, a safety card, a black police belt, a ski mask, a black jacket, three flashlights, a set of handcuffs, and a police scanner.

At Petitioner's plea hearing on March 13, 2003, the following colloquy took place:

> THE COURT: Mr. Harper, your signature indicates that you fully understand that you have a constitutional right to a jury trial, do you know you have that right?
> MR. HARPER: Yes, ma'am.
> THE COURT: In fact, you've seen the jury panel out there in the hall that's waiting to try this case right now, right?
> MR. HARPER: Yes, ma'am.
> THE COURT: And you know you have a right to have a jury try the case, right?
> MR. HARPER: Yes, ma'am.
> THE COURT: Do you know that you have the right to have the judge try the case with the prosecutor's consent?
> MR. HARPER: Yes, ma'am.
> THE COURT: All right. I'm going over these rights one through seven on this pretrial settlement offer form. Do you know that you have the right to be presumed innocent unless proven guilty beyond a reasonable doubt by the prosecution?
> MR. HARPER: Yes, ma'am.
> THE COURT: Do you know that you have the right to confront and question any witnesses who would appear here and offer any evidence against you in this matter?
> MR. HARPER: Yes, ma'am.
> THE COURT: Do you know that you have the right to have the Court compel witnesses to come to court and offer evidence in your favor?
> MR. HARPER: Yes, ma'am.
> THE COURT: Do you know that you have the right to have–if you decided you wanted to go to trial you would [have] a right to testify at trial?
> MR. HARPER: Yes, ma'am.
>
> THE COURT: Do you know you could also remain silent and not testify and not have that silence used against you?
> MR. HARPER: Yes, ma'am.

> THE COURT: Do you know that if you went to trial and were tried, convicted, and sentenced you would [have] an automatic right of appeal called the right to appeal as of right as to your conviction and sentence[?] It's an appellant right that you do not have to request. Do you know that you would have that right if you were tried, convicted and sentenced?
>
> MR. HARPER: I know that now.
>
> THE COURT: All right. Do you know that you'll be giving up that automatic right of appeal as well as these other rights that I've gone over with you if the Court accepts this no contest plea?
>
> MR. HARPER: Yes, ma'am.
>
> THE COURT: Are you giving up those rights?
>
> MR. HARPER: Yes, ma'am.
>
> THE COURT: Has anybody promised you anything, threatened you, or used any influence against you to cause you to give up your rights?
>
> MR. HARPER: No, ma'am.
>
> THE COURT: Are you submitting yourself to the Court for a no contest plea of your own free will?
>
> MR. HARPER: Yes, ma'am.
>
> THE COURT: Are you on probation or parole any place?
>
> MR. HARPER: No, ma'am.
>
> THE COURT: Do you know that if the Court accepts the no contest plea and it turns out that you're on probation or parole any place, it could be a violation of that probation or parole status?
>
> MR. HARPER: Yes, ma'am.
>
> THE COURT: All right. Do you have any questions about anything I've gone over [with] you or anything I have not gone over with you?
>
> MR. HARPER: No, ma'am.
>
> THE COURT: Do you still wish to submit yourself to the Court for a no contest plea to these two charges?
>
> MR. HARPER: Yes, ma'am.
>
> * * *
>
> THE COURT: All right, the Court will accept the no contest plea. Sentence date?

(Plea Hr'g Tr., 15-20, Mar. 13, 2003.)

Petitioner did not file an application for leave to appeal his no contest plea. Rather, on July

4

19, 2006, Petitioner filed a motion for relief from judgment, pursuant to Mich Ct. R. 6.500 *et.seq.*, alleging that defense counsel was ineffective for (1) failing to investigate, (2) failing to bring proper motions before the court, and (3) failing to challenge the guidelines scoring. On October 18, 2006, the trial court denied the motion. *People v. Harper*, No. 02-13409-01 (Wayne County Circuit Court, Oct. 18, 2006).

Following, Petitioner filed a delayed application for leave to appeal that decision with the Michigan Court of Appeals, which was denied. *People v. Harper*, No. 276526 (Mich.Ct.App. June 26, 2007). Petitioner subsequently filed an application for leave to appeal with the Michigan Supreme Court, which was denied on December 28, 2007. *People v. Harper*, 480 Mich. 1005, 742 N.W.2d 365 (2007).

Petitioner's habeas petition was filed with this Court on October 24, 2008. The petition was signed and dated October 20, 2008. In his *pro se* application, Petitioner raises the following claims:

> I.  Petitioner's state and federal constitutional rights were violated when he was coerced into taking a plea because his attorney refused to file motions requested by Petitioner and refused to do the investigation requested by Petitioner.
>
> II. Petitioner is entitled to amendment of his PSIR [Pre-sentence Investigation Report] because several OV's [offense variables] were misscored.

## II.  ANALYSIS

### A.  Standard of Review

In her motion to dismiss, Respondent argues that Petitioner's petition should be dismissed as untimely. The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA" or "the Act") applies to all habeas petitions filed after the Act's effective date, April 24, 1996, and imposes a one-year limitations period for habeas corpus petitions. 28 U.S.C.

§ 2244(d)(1). Petitioner's application for habeas corpus relief was filed after April 24, 1996, and thus the provisions of the AEDPA, including the limitations period for filing an application for habeas corpus relief, apply to his application. *Lindh v. Murphy*, 521 U.S. 320, 337 (1997).

Title 28 of the United States Code, sections 2244(d)(1)(A) through (D) state in pertinent part:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Concerning § 2244(d)(1)(A) and a direct appeal from state court, the one-year statute of limitations does not begin to run until the day after the petition for a writ of certiorari was due in the United States Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 283-84 (6th Cir. 2000). Under Rule 13 of the Supreme Court Rules, a petition for a writ of certiorari "is timely when it is filed with the Clerk of this Court within 90 days after entry of judgment." Sup. Ct. R. 13.

The one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to habeas corpus petitions. *See Dunlap v. United States*, 250 F.3d 1001, 1004 (6th Cir. 2001).

6

Rather, the running of the statute of limitations is tolled when "a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending."  28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181 (2001) (limiting the tolling provision to only State, and not Federal, processes).  The limitations period is tolled during the time period between the state appellate court's decision and the state supreme court's decision.  *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Matthews v. Abramajtys*, 319 F.3d 780, 787-88 (6th Cir. 2003).  An application is "properly filed" when its delivery and acceptance by the state court comply with the state laws and rules governing filings.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  Untimely motions are not "properly filed" and will not stop the one-year clock.  *Id.*  Even when a "properly filed" application is pending in state court, the one-year clock continues to run if the post-conviction petition in state court raises no federally cognizable claim that is later raised in a federal petition.  *See Thompson v. Mitchell*, 16 Fed.App'x. 293, 294 (6th Cir. 2001) (citing *Austin v. Mitchell*, 200 F.3d 391, 395 (6th Cir. 1999), *cert. denied*, 530 U.S. 1210 (2000)).  A properly filed application for state post-conviction relief, while tolling the limitations period, does not start a new limitations period.  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).  However, tolling is only effective when collateral review is properly sought within the limitations period.  *Id.*  In Michigan, a petitioner may challenge the validity of the judgment of conviction by filing a motion for relief from judgment under the terms of M.C.R. 6.500 *et. seq.*

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured.  Under that provision, the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," whichever comes later.  See 28 U.S.C. § 2244(d)(1)(A); *see also*

7

*Wilberger v. Carter*, 35 Fed.App'x 111, 114 (6th Cir. 2002).

Recently, the United States Supreme Court has held that, after completion of state-court collateral review, the statute of limitations is not tolled during the pendency of a certiorari petition in the United States Supreme Court seeking review of the denial of state post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327 (2007).

**B.     Timeliness of Petition**

Because Petitioner pleaded no contest, he may not appeal his conviction by right under Mich.Ct.R. 7.204(A)(2)(c). Rather, he may only appeal by leave to the Michigan Court of Appeals pursuant to Michigan Court Rule 7.205(F). *See Halbert v. Michigan*, 545 U.S. 605 (2005). Under Mich.Ct.R. 7.205(F)(3), a petitioner has twelve months after his sentence to file a delayed application for leave to appeal a circuit court decision.

Here, the circuit court sentenced Petitioner on April 11, 2003. Petitioner's convictions therefore became "final" for purposes of § 2244(d)(1)(A), one year after Petitioner's sentencing, when the time limit expired pursuant to Mich.Ct.R. 7.205(F)(3), which was on April 11, 2004. *See Jagodka v. Lafler*, 148 Fed.App'x 345, 346 (6th Cir. 2005). Accordingly, Petitioner had one year from April 11, 2004 until April 11, 2005, to file his habeas application. Petitioner signed and dated his habeas petition on October 20, 2008. Because he filed his habeas petition more than three years after the statute of limitations expired, Petitioner's application for habeas relief is time-barred.

Petitioner filed a motion for relief from judgment on July 19, 2006. 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a duly filed petition for state collateral review is pending. However, the tolling provision does not "revive" the limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. *Vroman*, 346 F.3d at

602. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations. Because Petitioner's one-year statute of limitations period expired in 2005, his motion for relief from judgment, filed on July 19, 2006, did not serve to revive the limitations period. Even where the post-conviction motion raises a claim of ineffective assistance of appellate counsel, the filing of the motion for relief from judgment does not revive the statute of limitations. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004), *cert. denied*, 543 U.S. 865 (2004) (citing *McClendon v. Sherman*, 329 F.3d 490 (6th Cir. 2003)).

Against that backdrop, the Court finds that Petitioner did not filed his habeas petition within the statute of limitations period.

### C. Equitable Tolling and Actual Innocence

The United States Supreme Court has not yet decided whether the statute of limitations for habeas actions is subject to equitable tolling. *Pace v. DeGuglielmo*, 544 U.S. 408, 418 n. 8 (2005). However, most circuits, including the United States Court of Appeals for the Sixth Circuit, have determined that the one-year limitations period can be subject to equitable tolling. *See Griffin v. Rogers*, 308 F.3d 647, 652 (6th Cir. 2002). The applicability of equitable tolling on grounds of actual innocence is likewise undecided by the Supreme Court but recognized by the Sixth Circuit. *Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005). Although the Supreme Court has not considered the question of equitable tolling in habeas cases, it has determined that, if equitable tolling is available in habeas challenges to state-court convictions, a litigant must show (1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstances stood in his way. *Pace*, 544 U.S. at 418 (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)).

In *Dunlap*, the Sixth Circuit held that the test to determine whether equitable tolling of the habeas limitations period is appropriate is the five-factor analysis set forth in *Andrews v. Orr*, 851 F.2d 146 (6th Cir. 1988). The factors which the Court is to consider are: (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim. *Dunlap*, 250 F.3d at 1008-09. "[T]hese factors 'are not necessarily comprehensive or always relevant; ultimately every court must consider an equitable tolling claim on a case-by-case basis.'" *Keenan v. Bagley*, 400 F.3d 417, 421 (6th Cir. 2005) (quoting *King v. Bell*, 378 F.3d 550, 553 (6th Cir.2004)). "In essence, the doctrine of equitable tolling allows federal courts to toll a statute of limitations when 'a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control.'" *Keenan*, 400 F.3d at 421 (quoting *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir.2000)); *see Pace*, 544 U.S. at 418. Equitable tolling should be granted "sparingly. *Keenan*, 400 F.3d at 420 ("Equitable tolling is permissible under the [AEDPA], although rare.") (Citation omitted). A petitioner has the burden of demonstrating that he is entitled to equitable tolling. *Griffin*, 308 F.3d at 653.

Ignorance of the law, illiteracy, and lack of legal assistance do not amount to grounds for equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991) ("[I]gnorance of the law alone is not sufficient to warrant equitable tolling."); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (Inmate's lack of legal training, his poor education, or even his illiteracy does not give a court reason to toll the statute of limitations).

The Sixth Circuit has recently held that a credible claim of actual innocence may equitably toll the one-year statute of limitations set forth at 28 U.S.C. § 2244(d)(1). *Souter*, 395 F.3d at 588-90. As the *Souter* Court explained, where a petitioner, in order to support a claim of actual innocence in a collateral proceeding "can demonstrate that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying constitutional claims." *Souter,* 395 F.3d at 602. A valid claim of actual innocence requires a petitioner "to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness account, or critical physical evidence–that was not presented at trial." *Schlup v. Delo*, 513 U.S. 298, 324 (1995). Furthermore, actual innocence means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

Petitioner failed to respond to Respondent's motion. Thus, neither equitable tolling nor a claim of actual innocence has been addressed. However, even if Petitioner were to raise either claim, the Court would find that he has not alleged any facts or circumstances that would warrant their application in this case. Additionally, given the fact that Petitioner is untrained in the law, or was proceeding without a lawyer, or may have been unaware of the statute of limitations for a certain period, does not warrant tolling. *See Allen*, 366 F.3d at 403; *Brown v. United States*, No. 01-1481, 2001 WL 1136000 at *3 (6th Cir. Sept.21, 2001) (citing *United States v. Baker*, 197 F.3d 211, 218-19 (6th Cir. 1999), *cert. denied*, 528 U.S. 1197 (2000)); *Fisher v. Johnson*, 174 F.3d 710, 714-15 (5th Cir. 1999) ("ignorance of the law, even for an incarcerated [*pro se*] petitioner, generally does not excuse [late] filing."). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

Petitioner also cannot make a credible showing of actual innocence in order for equitable tolling to apply to his alleged constitutional claims. In this case, Petitioner pleaded no contest to the above-stated facts. Therefore, he cannot now claim that he is innocent. The Court finds that equitable tolling is not warranted based upon any claim of actual innocence.

Against that backdrop, the Court concludes that Petitioner's petition for writ of habeas corpus was not timely filed. The Court therefore grants Respondent's motion for summary judgment, thereby denying Petitioner's habeas petition.

### D.     Certificate of Appealability

A petitioner must receive a certificate of appealability ("COA") in order to appeal the denial of a habeas petition for relief from either a state or federal conviction. 28 U.S.C. §§ 2253(c)(1)(A), (B). A district court, in its discretion, may decide whether to issue a COA at the time the court rules on a petition for a writ of habeas corpus or may wait until a notice of appeal is filed to make such a determination. *See Castro v. United States*, 310 F.3d 900, 903 (6th Cir. 2002); *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1072 (6th Cir. 1997), *overruled in part on other grounds by Lindh v. Murphy*, 521 U.S. 320 (1997). In denying the habeas petition, the Court has studied the case record and the relevant law, and concludes that, as a result, it is presently in the best position to decide whether to issue a COA. *See Castro*, 310 F.3d at 901 (quoting *Lyons*, 105 F.3d at 1072 ("[Because] 'a district judge who has just denied a habeas petition . . . will have an intimate knowledge of both the record and the relevant law,'" the district judge is, at that point, often best able to determine whether to issue the COA.)).

A court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner must "sho[w] that reasonable jurists

12

could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In this case, the Court concludes that reasonable jurists would not debate that a plain procedural bar is present requiring the dismissal of Petitioner's petition, and no certificate of appealability is therefore warranted. Nor should Petitioner be granted leave to proceed on appeal *in forma pauperis*. *See* Fed.R.App.P. 24(a).

### III.   CONCLUSION

Accordingly, **IT IS ORDERED** that Respondent's "Motion for Summary Judgment" [dkt. # 12] is **GRANTED**, and Petitioner's "Petition for Writ of Habeas Corpus" [dkt. # 1] is **DENIED** with prejudice.

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Petitioner a certificate of appealability and an application for leave to appeal *in forma pauperis*.

S/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 30, 2009

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on September 30, 2009.

                                            S/Denise Goodine
                                            Case Manager